# PORTALE | RANDAZZO

September 8, 2025

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __9/8/2025__

**Via ECF**
Honorable Nelson S. Román
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10606

**MEMO ENDORSED**
(see p. 3)

      Re:    *Dwayne Pulliam v. County of Westchester, et al.*
              Docket No.: 25-cv-3058 (NSR)

Dear Judge Román:

      This firm represents Defendant Putnam County Sheriff's Department Investigator Shaun Menton in the above-mentioned matter. I write to request that the Court schedule a pre-motion conference as Defendant Menton seeks to move pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff's First Amended Complaint for failure to state a claim upon which relief may be granted.

      Plaintiff brings this lawsuit pursuant to 42 U.S.C. § 1983 and alleges violations of his civil rights stemming from this arrest on April 20, 2022, and, subsequently, his incarceration and conditions of confinement. Plaintiff's claims against Investigator Menton are limited to (1) excessive force, in violation of the Fourth Amendment, and (2) deliberate indifference to Plaintiff's medical needs, in violation of Plaintiff's right to due process as guaranteed by the Fourteenth Amendment. The factual allegations relevant to the claims against Inv. Menton are as follows: Plaintiff alleges that federal agents arrested him in Brookfield, Connecticut. *See* Compl. ¶¶ 41, 44. The agents handcuffed Plaintiff, then placed him in a vehicle to be transported back to New York. *See id.* at ¶¶ 47-48. Inv. Menton sat next to Plaintiff in the back seat of the transport vehicle. *See id.* at ¶ 49. Plaintiff alleges that the FBI agent driving the vehicle operated same at unsafe speeds, causing Plaintiff to fear for his safety. *See id.* at ¶¶ 49-58. Plaintiff's anxiety caused him to urinate and empty his bowels during the transport. *See id.* at ¶ 58. After arriving at their destination, Plaintiff again soiled himself. *See id.* at ¶ 62. FBI agents began to interrogate Plaintiff, without first allowing him time to clean himself. *See id.* at ¶¶ 65-68. These facts fail to state claims for excessive force or deliberate indifference to Plaintiff's medical needs as against Inv. Menton and the First Amended Complaint should be dismissed as against him.

Plaintiff's Claims are Barred by the Statute of Limitations

      Plaintiff's claims against Inv. Mention must be dismissed because they are barred by the three-year statute of limitations applicable to § 1983 claims in this Circuit. As mentioned above, the incident involving Inv. Mention occurred on April 20, 2022. Plaintiff filed his initial Complaint (Docket No. 1) on April 14, 2025. That Complaint did not name Inv. Menton as a defendant,

instead, it was brought against Putnam County Detective John Doe # 1. Plaintiff filed his First Amended Complaint on July 9, 2025, after expiration of the statute of limitations, and named Inv. Menton in place of the Putnam County John Doe defendant. Thus, the claims against Inv. Menton are only viable if they relate back to the initial complaint. *See* Fed. R. Civ. P. R. 15(c). An amendment to replace a John Doe defendant is not one to correct a mistake but instead is one to correct a lack of knowledge and does not fall under Rule 15(c)(1)(C). *See Ceara v. Deacon*, 916 F.3d 208, 211 (2d Cir. 2019). Plaintiff knew who he wished to sue but simply did not know his name and did not leave himself sufficient time to obtain Menton's name via a *Valentin* order or otherwise. *See Columna v. City of N.Y.*, No. 19-cv-3801 (MKV), 2020 U.S. Dist. LEXIS 154669 at *9-10 (S.D.N.Y. Aug 25, 2020). Plaintiff's claims do not relate back under Rule 15(c)(1)(A) either because Plaintiff failed to exercise and evidence due diligence prior to expiration of the statute of limitations to identify Inv. Menton.

Plaintiff Fails to State a Claim for Excessive Force

Plaintiff's Fourth Amendment claim must be dismissed because he does not allege that Menton was involved with or present for any use of force. First, there are no allegations that Menton was present or had a reasonable opportunity to intervene when FBI Agents approached Plaintiff with guns drawn. Second, the FBI Agent's operation of the transport vehicle, with "warning sirens…blaring…" at speeds that Plaintiff subjectively deemed to be "reckless" is not a use of force. Third, the denial of Plaintiff's request to use a bathroom is also not a use of force and did not violate the Fourth Amendment. *See Pascual v. Fernandez*, No. 11-cv-7075 (RWS), 2013 U.S. Dist. LEXIS 12064 at *11-12 (S.D.N.Y. Jan. 28, 2013).

Plaintiff Fails to State a Clam for Deliberate Indifference to Medical Needs

Plaintiff's due process claim must also be dismissed. As a pre-trial detainee, Plaintiff's claim is analyzed under the due process clause of the Fourteenth Amendment. *See Lara-Grimaldi v. Cty. of Putnam*, 132 F.4th 614, 630-631 (2d Cir. 2025). "To establish a claim for deliberate indifference to medical needs under the Due Process Clause of the Fourteenth Amendment, a pre-trial detainee must establish two elements: (1) that the deprivation of medical care was sufficiently serious, and (2) that the defendant acted or failed to act with a sufficiently culpable state of mind." *Lara-Grimaldi v. Cty. of Putnam*, 529 F. Supp. 3d 88, 105 (S.D.N.Y. 2021). The Court should dismiss Plaintiff's due process claim because he fails to allege facts that plausibly allege that the deprivation of care was objectively serious. The Court must examine first whether plaintiff was "actually deprived of adequate medical care" and second, "whether the alleged deprivation of adequate medical care is sufficiently serious." *Walton v. Lee*, No. 15-cv-3080 (PGG)(RWL), 2019 U.S. Dist. LEXIS 28760 at *36 (S.D.N.Y. Feb. 21, 2019). Plaintiff merely alleges that Menton did not "arrang[e] for the assistance for Plaintiff to [use] a bathroom…or permit[] him to wash up at the facility…" *See* Compl. at ¶ 184. Plaintiff does not allege that he had any serious medical condition of which he made Menton aware but instead alleges that he sustained injuries as a result of the inability to clean himself (*i.e.* an eye infection) and the FBI Agent's operation of the transport vehicle (*i.e.* cardiac and neurological injuries). *See id.* at ¶¶ 74, 77, 88-90, 131-134. In fact, Plaintiff admits that prior to the incident (1) his cardiac function and blood pressure were within normal range and he never experienced any chest pain (*see id.* at ¶¶ 76, 89, 113) and (2) he

Case 7:25-cv-03058-NSR   Document 27   Filed 09/08/25   Page 3 of 3

Putnam v. County of Westchester, et al.
Docket No.: 25-cv-3058 (NSR)
Page 3

"had no issues with his vision…" (*see id.* at ¶ 131). Additionally, Plaintiff alleges that he sustained neurological pain "as a result of the trauma" of the incident (*see id.* at ¶ 77), and thus it was not a pre-existing medical condition. Plaintiff fails to allege that Menton was deliberately indifferent to any medical needs, since Plaintiff does not allege that he had any serious medical condition requiring care or treatment. Plaintiff's claim also fails under the second prong of the analysis because the alleged deprivation of medical care was not sufficiently serious as it did not result in extreme pain or exacerbate a serious illness. *See Ferguson v. Cai*, No. 11-cv-6181 (PAE), 2012 U.S. Dist. LEXIS 97049 at *11 (S.D.N.Y. July 11, 2012). For these reasons, Plaintiff's due process claim should be dismissed.

Based on the foregoing, Inv. Menton requests that Your Honor schedule a pre-motion conference to further address his putative motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

/s/ James A. Randazzo
James A. Randazzo

cc: Counsel of record (via ECF)

**The Court is in receipt of Plaintiff's Counsel's motion letter dated September 8, 2025 seeking to withdraw as legal counsel (ECF. No. 23). Each Defendant Counsel is directed to serve and file any opposition by September 23, 2025. The Court is also in receipt of Defendant's letter dated September 8, 2025 seeking a pre-motion conference (ECF No. 26). This request is stayed pending the resolution of Plaintiff's Counsel's motion seeking to be relieved. The time to respond to any request for leave to file a motion to dismiss is also stayed pending the resolution of Plaintiff's Counsel's motion seeking to be relieved. Clerk of Court is kindly requested to terminate the motion at ECF No. 26.**

**Dated: September 8, 2025**
**White Plains, New York**

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE