USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __3/5/2026___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DWAYNE PULLIAM,

                       Plaintiff,

        -against-

COUNTY OF WESTCHESTER et al.,

                    Defendants.

25-CV-3058 (NSR)

SUPPLEMENTAL ORDER OF
SERVICE

NELSON S. ROMÁN, United States District Judge:

Plaintiff Dwayne Pulliam, who is currently incarcerated in Westchester County Jail, commenced this action on April 14, 2025 asserting claims of violations of his federal constitutional rights, seeking damages. Plaintiff was initially represented by counsel but is now proceeding *pro se* per a letter from Plaintiff dated November 12, 2025. (ECF No. 37.) Plaintiff sues unidentified "John Doe" and "Jane Doe" members of the staff of the Westchester County Jail, a Westchester County Department of Corrections and Community Supervision facility. The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983.

By order dated February 20, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] Pursuant to a *Valentin* Order issued by this Court on November 18, 2025, the Westchester County Law Department identified two of the four Doe defendants on January 15, 2026. (ECF No. 43.) On February 17, 2026, Plaintiff filed a Second Amended Complaint naming a new defendant, FBI Agent Kevin Gonyo, and the two identified Doe Defendants, Martella Munroe and Kachi Nweke. (ECF No. 45). The Court directs service on the new defendant and the two identified Doe defendants.

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

**DISCUSSION**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants, noting the updated names and addresses. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants. If the complaint and appendix are not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension). Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**CONCLUSION**

Per the Court's Order on January 16, 2026, Plaintiff is directed to provide more information to the Government about John Doe #4 and John Doe #5 to assist the Government in identifying

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

these defendants. (ECF No. 44.) Plaintiff is directed to provide any additional identifying information concerning John Doe #4 and John Doe #5 by April 3, 2026.

The Clerk of Court is instructed to issue summonses for Defendants Martella Munroe, Kachi Nweke, and Kevin Gonyo, complete the USM-285 form with the address for each Defendant, and deliver all documents, including the Second Amended Complaint (ECF 45), necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is also directed to correct the defendant's name in the case caption from Kachi Kweke to Kachi Nweke.

The Clerk of Court is further directed to mail a copy of this Order and of the Order at ECF No. 44 to pro se Plaintiff at the address listed on the docket and to show service on the docket.


SO ORDERED.

Dated:    March 5, 2026
          White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1.     Martella Munroe, LPN
       100 Woods Road
       Valhalla, New York 10595

2.     Kachi Nweke, NP
       100 Woods Road
       Valhalla, New York 10595

3.     FBI Special Agent Kevin Gonyo[3]
       26 Federal Plaza, 23rd Floor
       New York, New York 10278

       FBI Special Agent Kevin Gonyo
       222 Bloomingdale Road, 200
       White Plains, New York 10605

---

[3] It is unclear from Plaintiff's Second Amended Complaint which FBI field office FBI Special Agent Kevin Gonyo is based out of. In an abundance of caution, the Court directs that service on Defendant Kevin Gonyo is attempted at both addresses.